UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | : : | Case No. 1:07-cv-1017 |
| Plaintiff, | : : : | Judge Susan J. Dlott Magistrate Judge Timothy S. Black |
| vs. | : : | |
| BARBARA A. CLAUS, *et al.*, | : : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 13) AS TO DEFENDANTS DEBORAH A. DURSTOCK AND RUSSELL J. CLAUS, JR. BE GRANTED; (2) PLAINTIFF'S MOTION FOR LEAVE TO MAKE DEPOSIT AND FOR DISMISSAL WITH PREJUDICE (Doc. 14) BE GRANTED; AND (3) DEFENDANTS BARBARA A. CLAUS, RUSSELL S. RUEHL, RANDOLPH B. RUEHL, AND KANDICE N. SMITH BE REQUIRED TO FILE CROSS-MOTIONS FOR JUDGMENT WITHIN 30 DAYS**

Now before the Court is Plaintiff's motion for default judgment (Doc. 13) pursuant to Rule 55 of the Federal Rules of Civil Procedure and Plaintiff's motion for leave to make deposit and for dismissal with prejudice (Doc. 14). Defendants[2] did not file any responsive memoranda; therefore, this matter is ripe for review.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The Defendants in this case are: Barbara A. Claus, Russell S. Ruehl, Deborah A. Durstock, Randolph B. Ruehl, Russell J. Claus, Jr., and Kandice N. Smith.

## I. BACKGROUND FACTS

This case is an interpleader action to resolve competing claims to life insurance benefits under a Life and Accident Insurance Plan ("the Plan") in the total amount of $19,164, plus any applicable interest (the "Plan Benefits") payable under the Plan. The Plan is an employee welfare benefit plan sponsored by the General Electric Company ("GE") and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1001, *et seq*. The Plan Benefits under the Plan are funded through a group insurance policy issued by Plaintiff to GE. Plaintiff serves as the Plan's claim fiduciary.

At the time of his death, Russell J. Claus (the "Decedent") was enrolled for the Plan Benefits. (Doc. 1 at ¶14). Under the terms of the Plan, a participant's Plan Benefits are paid on the death of the participant to the beneficiary or beneficiaries of record. (Doc. 1 at ¶ 16, Exhibit C). The latest beneficiary designation form on file with the Plan for the Decedent is dated December 19, 2006, and named Russell Ruehl as the sole primary beneficiary of the Plan Benefits. (Doc. 1 at ¶17, Exhibit D). The next prior beneficiary designation form, dated April 25, 2005, named Barbara Claus as primary beneficiary for 50% of the Plan Benefits, and the Decedent's children and step-children, Defendants Deborah Durstock, Kandice Smith, Russell Claus, Randolph Ruehl, and Russell Ruehl, as primary beneficiaries for 10% each of the Plan Benefits. (Doc. 1, ¶18, Exhibit E).

Following the Decedent's death, Plaintiff received competing claims to the Plan Benefits from several of the Defendants. (Doc. 1 at ¶¶ 19, 22, 24, and 25, Exhibits F, H, I, and J). Plaintiff also received letters from Defendant Barbara Claus questioning the validity of the December 19, 2006 beneficiary designation form in favor of Russell Ruehl. (Doc. 1 at ¶¶ 20-21, Exhibits G1 and G2). Plaintiff advised Defendants that their claims were adverse to one another and raised questions of fact and law that Plaintiff could not resolve without exposing the Plan to the danger of multiple liability. (Doc. 1 at ¶ 23). Plaintiff gave Defendants an opportunity to resolve this matter amongst themselves in order to preserve the Plan Benefits from litigation costs and fees. When no agreement was reached, Plaintiff filed this action.

It is undisputed that Russell Ruehl is entitled to 10% of the Plan Benefits. (Doc. 1 at ¶ 26). It is further undisputed that on November 26, 2007, Plaintiff made payment of 10% of the Plan Benefits plus applicable interest, in the total amount of $1,972.74, to Russell Ruehl. (Doc. 1 at ¶ 26). It is further undisputed that following the payment of 10% of the Plan Benefits to Russell Ruehl, the remaining Plan Benefits in the total amount of $17, 247.60, plus any applicable interest (the "Remaining Plan Benefits"), remain payable to either Russell Ruehl in accordance with the December 19, 2006 beneficiary designation form, or to Barbara Claus, Deborah Durstock, Kandice Smith, Russell J. Claus Jr., and Randolph Ruehl based on the April 25, 2005 beneficiary designation form. (Doc. 1 at ¶ 28).

As a mere stakeholder, Plaintiff has no interest in the Remaining Plan Benefits and interest payable as a result of the Decedent's death, and, instead, desires the Court to determine and declare to whom the Remaining Plan Benefits should be paid.

## II. PROCEDURAL HISTORY

A Complaint in this case was filed on December 17, 2007. (Doc. 1). Notices of suit and waivers of service of summons were sent to all Defendants on December 18, 2007. (Doc. 9). Waivers of service were then subsequently received from all Defendants. (*Id.*, exhibits A-F). This included waivers from Defendants Deborah A. Durstock, Russell J. Claus, Jr., and Kandice N. Smith. (*Id.*, exhibits A, B, and C, respectively).

Defendants Russell S. Ruehl and Randolph B. Ruehl filed answers on February 11, 2008 (Doc. 4) and March 14, 2008 (Doc. 6), respectively. On March 11, 2008, Defendant Barbara A. Claus filed a *pro se* answer and counterclaim on behalf of herself and Defendants Deborah A. Durstock, Russell J. Claus, Jr., and Kandice N. Smith. (Doc. 5). On April 15, 2008, this Court issued an Order stating that Ms. Claus' answer would be construed as an answer and counterclaim[3] on behalf of Barbara A. Claus, but that she could not, as a *pro se* litigant, file an answer on behalf of other *pro se* litigants. (Doc. 7). Although Defendants Deborah A. Durstock, Russell J. Claus, Jr., and Kandice N. Smith all

---

[3] The *pro se* answers filed by Defendants Russell Ruehl (Doc. 4) and Barbara Claus (Doc. 5) use the word "counterclaim." However, in their "counterclaims," Defendants request only the Remaining Plan Benefits at issue in this case and do not request any other affirmative relief.

signed waivers of service of summons (*Id.*, exhibits A, B, and C, respectively),[4] they did not timely file separate answers and were therefore in default.

On June 9, 2008, this Court issued an Order to Show Cause why the case should not be dismissed as to Defendants Deborah A. Durstock, Russell J. Claus, Jr., and Kandice N. Smith, due to Plaintiff's failure to effect timely service of process of the summons and complaint. (Doc. 8). On June 10, 2008, Plaintiff filed waivers of service returned executed by Defendants Durstock, Russell J. Claus, Jr. and Smith. (Doc. 9, Exs. 1, 2, 3). On June 17, 2008, the undersigned found that Plaintiff had satisfied the Show Cause Order and ordered Plaintiff to file a motion for default judgment against Defendants Durstock, Russell J. Claus, Jr., and Smith for failure to answer. (Doc. 11). On June 30, 2008, Kandice Smith filed a *pro se* answer. (Doc. 12). Although the answer was filed out of time and without leave of court, Plaintiff had no objection to the lateness of the answer. (Doc. 13). Thereafter, Plaintiff filed a motion for default judgment (Doc. 13) as against Defendants Durstock and Russell J. Claus, Jr.

### III. DEFAULT JUDGMENT

#### A. Standard of Review

The procedure governing the entry of default and default judgment is provided by

---

[4] Defendant Deborah A. Durstock signed her waiver of service of summons on January 5, 2008, Russell J. Claus, Jr. signed his waiver on December 29, 2007, and Kandice N. Smith signed her waiver on December 26, 2007. (Doc. 9). Defendants had 60 days from the date they signed their waiver of service of summons to file an answer. To date, Defendants Deborah A. Durstock, Russell J. Claus, Jr. and Kandice N. Smith have failed to answer the complaint and more than 60 days have passed.

Fed. R. Civ. P. 55, which states in pertinent part:

> (a)     Entry.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> (b)     Judgment.  Judgment by default may be entered as follows: (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.
>
> (2)     By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(a), (b).

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See* Fed. R. Civ. P. 55(a).  Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  However, those allegations relating to the amount of damages suffered ordinarily are not.  A

judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits. *Id.*

    **B.**    **Analysis**

Upon review of the record, the undersigned finds and recommends that default judgment against Defendants Deborah A. Durstock and Russell J. Claus, Jr. is warranted.

The Court finds that Defendants Durstock and Russell J. Claus, Jr. were properly served (Doc. 9, Exs. 2, 3) with notice of these proceedings in accordance with Ohio Civ. R. 4.4 and have failed to plead or otherwise defend. Defendants Durstock and Russell J. Claus Jr.'s failure to respond to Plaintiff's motion for default judgment (Doc. 13), as well as their failure to respond to Plaintiff's complaint, has made it abundantly clear that Defendants Durstock and Russell J. Claus, Jr., have no intention of defending this action. Thus, default judgment is warranted.

Accordingly, Defendants Durstock and Russell J. Claus, Jr. have waived any right to defend, litigate, or object to the Court's ultimate determination and declaration concerning to whom the remaining Plan Benefits are payable. Specifically, as a result of their failure to timely answer Plaintiff's complaint or otherwise plead in response to Plaintiff's complaint, despite having signed waivers of service of summons (*see* Doc. 9, Exs. 2, 3), Defendants Deborah A. Durstock and Russell J. Claus, Jr. are not entitled to defend, litigate, or contest the Court's determination concerning to whom the remaining Plan Benefits are payable.

## V.  DEPOSIT OF THE REMAINING PLAN BENEFITS INTO THE REGISTRY OF THE COURT

Pursuant to Fed. R. Civ. P. 67 and S.D. Ohio Civ. R. 77.2, Plaintiff requests an order authorizing deposit of the remaining life insurance benefits payable as a result of the death of the decedent, in the sum of $17,247.60, plus any applicable interest, into the Registry of the Court.  Plaintiff further moves for an order providing that, upon deposit of the remaining life insurance benefits, it is dismissed from this action with prejudice, and further providing that Plaintiff, the Plan and GE are discharged from any and all further liability for the life insurance benefits.

Fed. R. Civ. P. 22 and Fed. R. Civ. P. 67 authorize the deposit of the Remaining Plan Benefits with the Registry of the Court.  S.D. Ohio Civ. R. 77.2 also authorizes the Remaining Plan Benefits to be deposited with the Clerk.  As stated therein:

> "Upon request of an interested party and upon approval of a judge of this Court specific funds shall be deposited by the Clerk in an interest-bearing account in an institution where such accounts are insured…with the interest to be accumulated for the benefit of the ultimate owners of the funds as determined by the Court."

S.D. Ohio Civ. R. 77.2.

Accordingly, the undersigned finds that Plaintiff's request to deposit the Remaining Plan Benefits with the Registry of the Court is warranted pursuant to S.D. Ohio Civ. R. 77.2.  Furthermore, upon deposit of said funds with the Registry, the undersigned recommends findings that Plaintiff has fulfilled its obligations in this matter and should be dismissed as a party from this case.

## IT IS THEREFORE RECOMMENDED THAT:

(1) Plaintiff's motion for default judgment (Doc. 13) be **GRANTED** as to Defendants Deborah A. Durstock and Russell J. Claus, Jr.;

(2) Plaintiff's motion for leave to make deposit and for dismissal with prejudice (Doc. 14) be **GRANTED**;

(3) The Clerk accept and deposit into the Registry of the Court $17,247.60, plus any applicable interest ("Remaining Plan Benefits");

(4) The Clerk promptly and properly invest said monies as provided by S.D. Ohio Civ. R. 77.2;

(5) Each of the Defendants are enjoined and restrained from instituting any action against Plaintiff, General Electric Company, the Plan, and/or their affiliates or successors for the recovery of the Remaining Plan Benefits;

(6) Upon the deposit of the Remaining Plan Benefits Plaintiff is dismissed with prejudice as a party to this action, and Plaintiff, General Electric Company, and the Plan are released from any and all claims or liability for the Remaining Plan Benefits payable under the Plan as a result of the death of the Decedent Russell J. Claus; and

(7) Defendants Barbara A. Claus, Russell S. Ruehl, Randolph B. Ruehl and Kandice N. Smith file cross motions for judgment within 30 days of the entry date of this Order or forfeit their claims to the Remaining Plan Benefits.

DATE: <u>September 12, 2008</u>   s/ Timothy S. Black
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | : | Case No. 1:07-cv-1017 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| BARBARA A. CLAUS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).