UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | : : : | Case No. 1:07-cv-1017 |
| Plaintiff, | : : | Judge Susan J. Dlott |
| vs. | : : : | Magistrate Judge Timothy S. Black |
| BARBARA A. CLAUS, *et al.*, | : : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE CLERK DISPERSE THE $17,247.60, PLUS ANY APPLICABLE INTEREST, FROM THE REGISTRY OF THE COURT TO RUSSELL S. RUEHL; AND (2) THIS CASE BE CLOSED**

Now before the Court are Defendants'[2] cross motions for judgment.[3] (Docs. 26, 27, 28, 29).

## I. BACKGROUND FACTS

This case is an interpleader action to resolve competing claims to life insurance benefits under a Life and Accident Insurance Plan ("the Plan") in the total amount of $19,164, plus any applicable interest (the "Plan Benefits") payable under the Plan. The

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The Defendants in this case are: Barbara A. Claus, Russell S. Ruehl, Randolph B. Ruehl, and Kandice N. Smith.

[3] Defendant Barbara A. Claus filed a "Response" (Doc. 26) to the Order Adopting the Report and Recommendations, which will be construed as a cross motion for judgment.

Plan is an employee welfare benefit plan sponsored by the General Electric Company ("GE") and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1001, *et seq*. The Plan Benefits under the Plan are funded through a group insurance policy issued by Plaintiff to GE. Plaintiff serves as the Plan's claim fiduciary.

At the time of his death, Russell J. Claus (the "Decedent") was enrolled for the Plan Benefits. (Doc. 1 at ¶ 14). Under the terms of the Plan, a participant's Plan Benefits are paid on the death of the participant to the beneficiary or beneficiaries of record. (Doc. 1 at ¶ 16, Exhibit C). The latest beneficiary designation form on file with the Plan for the Decedent is dated December 19, 2006, and named Russell Ruehl as the sole primary beneficiary of the Plan Benefits. (Doc. 1 at ¶ 17, Exhibit D). The next prior beneficiary designation form, dated April 25, 2005, named Barbara Claus as primary beneficiary for 50% of the Plan Benefits, and the Decedent's children and step-children, Deborah Durstock, Kandice Smith, Russell Claus, Randolph Ruehl, and Russell Ruehl, as primary beneficiaries for 10% each of the Plan Benefits. (Doc. 1, ¶ 18, Exhibit E).

Following the Decedent's death, Plaintiff received competing claims to the Plan Benefits from several of the Defendants. (Doc. 1 at ¶¶ 19, 22, 24, and 25, Exhibits F, H, I, and J). Plaintiff also received letters from Defendant Barbara Claus questioning the validity of the December 19, 2006 beneficiary designation form in favor of Russell Ruehl. (Doc. 1 at ¶¶ 20-21, Exhibits G1 and G2). Plaintiff advised Defendants that their claims were adverse to one another and raised questions of fact and law that Plaintiff could not

resolve without exposing the Plan to the danger of multiple liability. (Doc. 1 at ¶ 23). Plaintiff gave Defendants an opportunity to resolve this matter amongst themselves in order to preserve the Plan Benefits from litigation costs and fees. When no agreement was reached, Plaintiff filed this action.

It is undisputed that Russell Ruehl is entitled to 10% of the Plan Benefits. (Doc. 1 at ¶ 26). It is further undisputed that on November 26, 2007, Plaintiff made payment of 10% of the Plan Benefits plus applicable interest, in the total amount of $1,972.74, to Russell Ruehl. (Doc. 1 at ¶ 26). It is further undisputed that following the payment of 10% of the Plan Benefits to Russell Ruehl, the remaining Plan Benefits in the total amount of $17, 247.60, plus any applicable interest (the "Remaining Plan Benefits"), remain payable to either Russell Ruehl in accordance with the December 19, 2006 beneficiary designation form, or to Barbara Claus, Deborah Durstock, Kandice Smith, Russell J. Claus Jr., and Randolph Ruehl based on the April 25, 2005 beneficiary designation form. (Doc. 1 at ¶ 28).

As a mere stakeholder, Plaintiff has no interest in the Remaining Plan Benefits and interest payable as a result of the Decedent's death, and, instead, desires the Court to determine and declare to whom the Remaining Plan Benefits should be paid.

## II. PROCEDURAL HISTORY

A complaint in this case was filed on December 17, 2007. (Doc. 1). Notices of suit and waivers of service of summons were sent to all Defendants on December 18, 2007. (Doc. 9). Waivers of service were then subsequently received from all Defendants. (*Id.*,

exhibits A-F). This included waivers from Defendants Deborah A. Durstock, Russell J. Claus, Jr., and Kandice N. Smith. (*Id*., exhibits A, B, and C, respectively).

Defendants Russell S. Ruehl and Randolph B. Ruehl filed answers on February 11, 2008 (Doc. 4) and March 14, 2008 (Doc. 6), respectively. On March 11, 2008, Defendant Barbara A. Claus filed a *pro se* answer and counterclaim on behalf of herself and Defendants Deborah A. Durstock, Russell J. Claus, Jr., and Kandice N. Smith. (Doc. 5). On April 15, 2008, this Court issued an Order stating that Ms. Claus' answer would be construed as an answer and counterclaim[4] on behalf of Barbara A. Claus, but that she could not, as a *pro se* litigant, file an answer on behalf of other *pro se* litigants. (Doc. 7). Although Defendants Deborah A. Durstock, Russell J. Claus, Jr., and Kandice N. Smith all signed waivers of service of summons (*Id*., exhibits A, B, and C, respectively),[5] they did not timely file separate answers and were therefore in default.

On June 9, 2008, this Court issued an Order to Show Cause why the case should not be dismissed as to Defendants Deborah A. Durstock, Russell J. Claus, Jr., and Kandice N. Smith, due to Plaintiff's failure to effect timely service of process of the

---

[4] The *pro se* answers filed by Defendants Russell Ruehl (Doc. 4) and Barbara Claus (Doc. 5) use the word "counterclaim." However, in their "counterclaims," Defendants request only the Remaining Plan Benefits at issue in this case and do not request any other affirmative relief.

[5] Defendant Deborah A. Durstock signed her waiver of service of summons on January 5, 2008, Russell J. Claus, Jr. signed his waiver on December 29, 2007, and Kandice N. Smith signed her waiver on December 26, 2007. (Doc. 9). Defendants had 60 days from the date they signed their waiver of service of summons to file an answer. To date, Defendants Deborah A. Durstock, Russell J. Claus, Jr. and Kandice N. Smith have failed to answer the complaint and more than 60 days have passed.

summons and complaint. (Doc. 8). On June 10, 2008, Plaintiff filed waivers of service returned executed by Defendants Durstock, Russell J. Claus, Jr. and Smith. (Doc. 9, Exs. 1, 2, 3). On June 17, 2008, the undersigned found that Plaintiff had satisfied the Show Cause Order and ordered Plaintiff to file a motion for default judgment against Defendants Durstock, Russell J. Claus, Jr., and Smith for failure to answer. (Doc. 11). On June 30, 2008, Kandice Smith filed a *pro se* answer. (Doc. 12). Although the answer was filed out of time and without leave of court, Plaintiff had no objection to the lateness of the answer. (Doc. 13). Thereafter, Plaintiff filed a motion for default judgment (Doc. 13) as against Defendants Durstock and Russell J. Claus, Jr.

On September 12, 2008, the undersigned submitted a Report and Recommendation that the District Judge grant Plaintiff's motion for default judgment against Durstock and Russell J. Claus, Jr. for failure to plead or otherwise defend. (Doc. 15). On January 29, 2009, the District Judge issued an Order granting Plaintiff's motion for default judgment and dismissing Defendants Durstock and Russell J. Claus, Jr. from the case. (Doc. 24). Additionally, Defendants Barbara A. Claus, Russell S. Ruehl, Randolph B. Ruehl, and Kandice N. Smith were ordered to file cross motions for judgment within 30 days of the entry date of the Order or forfeit their claims to the Remaining Plan Benefits. (*Id*.)

Each of the Defendants, Ms. Claus, Ms. Smith, Randolph B. Ruehl, and Russell S. Ruehl filed cross motions. (Docs. 26, 27, 28, and 29, respectively). Accordingly, this matter is ripe for adjudication.

## III. ANALYSIS

On April 25, 2005, Decedent Russell John Claus, Sr. signed his beneficiary designation form, designating Barbara A. Claus, Deborah Durstock, Randolph Ruehl, Russell Claus Jr., Russell S. Ruehl and Kandice N. Rice (Smith) as beneficiaries. (Doc. 1, Ex. E). On December 19, 2006, Decedent authenticated a new beneficiary designation form designating Russell S. Ruehl as his sole beneficiary. (Doc. 1, Ex. D). The undersigned notes that the signatures on both forms appear to have been authenticated by the same person and there are no unusual or suspicious markings on either form. On the date of Decedent's death, April 22, 2007, the December 19, 2006 beneficiary form was the last form on file.

Defendant Barbara A. Claus claims that the Decedent's intent was to include her and her children as beneficiaries. (Doc. 26). However, it is important to note that Ms. Claus was not married to the Decedent when he died, nor were Kandice N. Smith or Randolph B. Ruehl biological children of the Decedent. (*Id.*) Despite Ms. Claus' allegations of fraud, there is no evidence in the record to support the proposition that the December 19, 2006 beneficiary designation form was fraudulently authenticated. Additionally, Defendants Kandice N. Smith, Randolph B. Ruehl, and Russell S. Ruehl each submitted motions rescinding their claims to the Plan Benefits and asserting that Russell S. Ruehl was, in fact, intended to be Decedent's sole beneficiary. (Docs. 27, 28, 29). Among other facts, they indicated that Decedent lived with Russell S. Ruehl for a period of time prior to his death. (*Id.*)

Accordingly, the properly authenticated beneficiary designation form dated December 19, 2006, must be enforced.

### IV. IT IS THEREFORE RECOMMENDED THAT:

(1) Defendant Russell S. Ruehl be awarded the Remaining Plan Benefits in the amount of $17,247.60 plus any applicable interest; and

(2) This case be closed.


DATE: March 18, 2009                                    s/ Timothy S. Black
                                                        Timothy S. Black
                                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | : | Case No. 1:07-cv-1017 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| BARBARA A. CLAUS, *et al.*, | : | |
| Defendants. | : | |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).